IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT BROWN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-353-R |
| | ) | |
| BLACKSTONE CONSULTING, INC., | ) | |
| a Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Blackstone Consulting, Inc.'s ("Blackstone's") Motion for Discovery Orders and Suggested Plan on How to Proceed (Doc. No. 61), Plaintiff Robert Brown's Response (Doc. No. 68), and Defendant's Reply (Doc. No. 71). In light of Plaintiff's Chapter 7 Bankruptcy filing on January 22, 2023, in the United States Bankruptcy Court for the Western District of Oklahoma (Doc. No. 66), the Court is tasked with determining how this action should proceed.[1]

This case arises out of a dispute involving a contract for food service operations at Fort Sill, an Army Post located in Lawton, Oklahoma. In a related case, Cantu Services, Inc. ("Cantu") obtained a judgment against Brown and Blackstone on January 14, 2020. Plaintiff filed this case in April 2021 seeking to be indemnified by Defendant. On October 28, 2022, Cantu filed an Amended Release and Satisfaction of Judgment for the Judgment against Plaintiff Brown in *Cantu Services, Inc. v. Robert Brown*, No: CIV-15-1210-G

---

[1] *See* U.S. Bankruptcy Court for the Western District of Oklahoma Bankruptcy Petition No: 23-10118.

(W.D. Okla. filed Oct. 28, 2015) stating that "[t]he Judgment has been fully satisfied." (Doc. No. 54-2). The parties agree that Plaintiff's only remaining damages in this case are his attorneys' fees for prosecution of this case. (Doc. Nos. 61, at 2; 68, at 3-4).

Plaintiff has failed to meet multiple discovery deadlines in this matter. Despite a ten-day extension agreed upon by the parties, Plaintiff has still not responded to a discovery request for admissions, interrogatories, and production served by Defendant on December 7, 2022, weeks before Plaintiff's bankruptcy filing. (Doc. No. 61). To date, Plaintiff has not filed a list of expert witnesses or submitted expert reports which were due by January 30, 2023, pursuant to the Scheduling Order (Doc. No. 53). Plaintiff has also neglected to file a final list of witnesses and final exhibit list which were due on February 13, 2023. (*See* Doc. No. 53). Plaintiff's counsel asserts that he has had difficulty meeting discovery deadlines because of "complications outside the control of counsel." (Doc. No. 68, at 3). Still, he claims that these delays have not prejudiced Defendant because "[t]he case is not currently set for trial." (Doc. No. 68, at 3). This case, however, is set for trial in May 2023. (Doc. No. 53).

On March 16, 2023, a telephonic status conference was held wherein Plaintiff's counsel argued that the case should be automatically stayed due to Plaintiff's bankruptcy filing. (*See also* Doc. No. 69) (Plaintiff suggesting that this case is automatically stayed pursuant to 11 U.S.C. § 362(a)). However, because Plaintiff is the party who filed for bankruptcy, the automatic stay under 11 U.S.C. § 362 is inapplicable because (1) Plaintiff "can continue to pursue [his] claims against another party even after filing for bankruptcy protection" and (2) "an attempt to dismiss or defeat a debtor's lawsuit is not an act to obtain

possession or exercise control over property of the debtor's estate." *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 95 (10th Cir. 2011). Thus, this case is not automatically stayed under § 362.

Defendant requests that the Court dismiss this action due to Plaintiff's failures to timely comply with multiple discovery deadlines. (Doc. Nos. 61, at 2; 71, at 3). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Dismissal, however, is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Court considers the following factors when considering whether dismissal is an appropriate sanction: (1) the degree of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. *Id.* at 921.

Here, the Court finds that Defendant has been subjected to actual prejudice as it has been forced to comply with several scheduling deadlines despite Plaintiff's failures to respond to discovery requests and comply with the Scheduling Order. Plaintiff's failure to prosecute the case has interfered with the judicial process as this case is scheduled for trial in May 2023 and Defendant has yet to receive responses to its discovery requests. Plaintiff is culpable for these failures as he has not only neglected to file a list of expert witnesses, lay witnesses, exhibits, or submit expert reports, he has also failed to respond to discovery requests which were due prior to Plaintiff's bankruptcy filing. Although Plaintiff was not

warned that dismissal was a likely sanction, the Court finds that a lesser sanction would be ineffective in this matter.

Accordingly, based on Plaintiff's failure to prosecute this case, the Court GRANTS Defendant's Motion (Doc. No. 61) and DISMISSES this action WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 22nd day of March 2023.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**